UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 14-23294-CIV-MORENO

NICOLE FRIEDHOFER et al.,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD. d/b/a NORWEGIAN
CRUISE LINE,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This is a personal injury action for damages sustained when the water on Defendant NCL's cruise ship damaged the hair of Plaintiffs Nicole Friedhofer and Debbie Toohey-Beghum. The Plaintiffs (together with their spouses) brought negligence, breach of contract, and loss of consortium claims against NCL, and NCL now moves to dismiss Plaintiffs' breach of contract and loss of consortium claims for failure to state a claim.

THE COURT has considered the motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. The Court dismisses Plaintiffs' loss of consortium claims (Counts II and VI) because loss of consortium claims are barred by general maritime law, and the Court dismisses Plaintiffs' breach of contract claims (Counts IV, V, and VII) because the claims are barred by the contract's six-month limitation clause.

As pronounced by this Court, general maritime law does not recognize a cause of action for loss of consortium. *See Gandhi v. Carnival Corp.*, No. 13-24509-CIV, 2014 WL 1028940, at *4

(S.D. Fla. Mar. 14, 2014) (Moreno, J.) ("[C]ourts have consistently held that general maritime law does not provide for loss of society or loss of consortium in cruise line passenger injury cases."). The Court notes that Plaintiffs do not respond to NCL's motion to dismiss these claims, and the Court is unaware of circumstances that would warrant departure from its well-established precedent. Accordingly, Plaintiffs' loss of consortium claims are dismissed.

The Court also dismisses Plaintiffs' breach of contract claims because they are foreclosed by the six-month limitation in NCL's cruise tickets. The NCL ticket contains the following provision:

> In any event, no claim described in this Section may be brought against Carrier unless written notice giving full particulars of the claim is delivered to the Carrier within thirty (30) days of the termination of the Cruise and legal action on such claim is commenced within six (6) months from the date the claim arose, notwithstanding any provision of law of any state or country to the contrary.

*See* Doc. 5-1 at ¶ 10.5. Plaintiffs' claim arose in September, 2013, and Plaintiffs filed this action in September, 2014.

The six-month limitation is valid and enforceable so long as it is reasonably communicated to the passenger. *See Nash v. Kloster Cruise A/S*, 901 F.2d 1565, 1566 (11th Cir. 1990) ("Courts will enforce [a contractual] limitation if the cruise ticket provided the passenger with reasonably adequate notice that the limit existed and formed part of the passenger contract."). Plaintiffs do not argue that the limit was not reasonably communicated to them, but instead respond that the ticket's six-month limitation violates federal statute and contravenes public policy.

Plaintiffs are correct that federal law prohibits the shortening of *negligence* claims below one year, *see* 46 U.S.C. § 30508(b), but they have not identified a statute that prohibits shortening the limitations period for breach of contract claims. Plaintiffs believe that their contract claims are

unique in that they are grounded in negligence, but Defendant correctly points out that Plaintiffs bring separate claims for negligence (which Defendant has not moved to dismiss).

Reaching Plaintiffs' public policy argument, Plaintiffs have not cited any case finding six months to be an insufficient length to pursue an action. The Court notes that Judge King recently joined a number of courts beyond our jurisdiction that hold that the 6-month limit in an NCL ticket is valid and enforceable. *See Seco v. NCL (Bahamas) Ltd.*, No. 13-cv-21046-JLK (S.D. Fla. Oct. 3, 2014). As the six-month limit in this case lies in the very contract on which Plaintiffs' sue, the Court is not persuaded that enforcement of the terms of the contract runs afoul of any established public policy.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of January, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record